## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| CRMSUITE CORPORATION, | |
| Plaintiff, | |
| v. | Case No._____ |
| GENERAL MOTORS COMPANY, GENERAL MOTORS LLC, AQUENT, LLC, and AQUENT, INC., | |
| Defendants. | |

## DEFENDANTS AQUENT, LLC'S AND AQUENT, INC.'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(b), and 1446, defendants Aquent, LLC and Aquent, Inc.[1] (the "Aquent Defendants"), by and through their undersigned counsel, and with the consent of codefendants General Motors Company and General Motors LLC (the "GM Defendants"), file this Notice of Removal of Case No. 2020-CA-000938-AX, which is pending in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida.  In support of their Notice of Removal, the Aquent Defendants state as follows:

---

[1] Defendant Aquent, Inc. is misnamed in the Amended Complaint.  Aquent, Inc. ceased operating under that name in December 2009, and has since operated under the corporate name TRI Ventures, Inc.  Solely for the purposes of this Notice of Removal, Defendant Aquent, Inc. is referred to by that name, as pleaded in Plaintiff's Amended Complaint.  TRI Ventures, Inc. reserves all of its rights with respect to Plaintiff CRMSuite's failure to name the correct entity.

1.     On or about March 3, 2020, Plaintiff CRMSuite Corporation ("CRMSuite") filed its Complaint in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, styled *CRMSuite Corporation v. General Motors Company, General Motors LLC, Aquent, LLC, and Aquent, Inc.*, Case No. 2020-CA-000938-AX (the "State Court Action").

2.     On or about March 4, 2020, CRMSuite filed its Amended Complaint ("Compl.") in the State Court Action.

3.     The Aquent Defendants were served with the Summons and a copy of the Amended Complaint on March 16, 2020.  Pursuant to Local Rule 4.02, copies of all process, pleadings, orders, and other papers or exhibits of every kind filed in the State Court Action are attached hereto as Exhibit A, except for those filed under seal.  CRMSuite filed its exhibits to the Complaint and Amended Complaint under seal in the Circuit Court. Therefore, in an abundance of caution, the Aquent Defendants file those exhibits in redacted form with this Court.  As the Aquent Defendants were not the party seeking to seal those documents, and were not privy to Plaintiff's basis for doing so in state court, the Aquent Defendants intend to confer with Plaintiffs on the propriety of a motion for leave to file those exhibits under seal in this Court.

4.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

5.     Plaintiff CRMSuite is, and is pleaded to be in its Amended Complaint, a Florida corporation.  (Compl. ¶ 1.)  CRMSuite has a principal place of business in Sarasota, Florida.  Therefore, CRMSuite is a citizen of the State of Florida.  *See Pierson v. Rogow*,

2

669 Fed. Appx. 550, 551 (11th Cir. 2016) ("A corporation is a citizen of its state of incorporation, and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).").

6.      Defendant General Motors Company ("GM Corp.") is, and is pleaded to be, a Delaware corporation.  (Compl. ¶ 2.)  GM Corp. has a principal place of business in Detroit, Michigan.   Therefore, GM Corp. is a citizen of the States of Delaware and Michigan.  *See Pierson*, 669 Fed. Appx. at 551.  The Declaration of Alex G. Cavanaugh (the "Cavanaugh Decl.," a copy of which is attached hereto as Exhibit B), on behalf of General Motors Company and General Motors LLC, confirms the state of incorporation and principal place of business for GM Corp. as Delaware and Michigan, and not Florida. *See* Cavanaugh Decl., ¶ 3.

7.      Defendant General Motors LLC ("GM LLC") is, and is pleaded to be, a Delaware limited liability company.  (Compl. p. 1.)  GM LLC has a principal place of business in Detroit, Michigan.  Cavanaugh Decl., ¶ 4.  Additionally, GM LLC has a single member, General Motors Holdings LLC, which is a Delaware limited liability company with a principal place of business in Michigan.  *Id.*  General Motors Holdings LLC has a single member, GM Corp., which, as noted in paragraph 6, is a citizen of the States of Delaware and Michigan.  *Id.*  Therefore, GM LLC is a citizen of the States of Delaware and Michigan.  *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen.").

8.      Defendant Aquent, Inc. was a Massachusetts corporation that changed its name to TRI Ventures, Inc. in 2009.  TRI Ventures, Inc. is a Massachusetts corporation with a principal place of business in Boston, Massachusetts.  Therefore, TRI Ventures, Inc. is a citizen of the Commonwealth of Massachusetts.  *See Pierson*, 669 Fed. Appx. at 551.  The Declaration of Kristin Carroll (the "Carroll  Decl.," a copy of which is attached hereto as Exhibit C), on behalf of the Aquent Defendants, confirms the state of incorporation and principal place of business for TRI Ventures, Inc. as Massachusetts, and not Florida.  *See* Carroll Decl., ¶ 3.

9.      Defendant Aquent, LLC is, and is pleaded to be, a Delaware limited liability company.  (Compl. p. 1.)  Aquent, LLC has a principal place of business in Boston, Massachusetts.  Carroll Decl., ¶ 4.  Additionally, Aquent, LLC has two members, TRI Ventures, Inc. and Peter Coolidge.  *Id.*  As noted in paragraph 8, TRI Ventures, Inc. is a citizen of the Commonwealth of Massachusetts.  Mr. Coolidge is a citizen of the State of New York.  *Id.*  Therefore, Aquent, LLC is a citizen of the States of Delaware and New York and the Commonwealth of Massachusetts.  *See Rolling Greens*, 374 F.3d at 1022; *Pierson*, 669 Fed. Appx. at 551.

10.     Because Plaintiff CRMSuite is a citizen of Florida and none of the Defendants are citizens of Florida, there is complete diversity of the parties, pursuant to 28 U.S.C. § 1332(a)(1).  *See Pierson*, 669 Fed. Appx. at 550-51 (complete diversity exists where every plaintiff is diverse from every defendant).

11.     CRMSuite asserts causes of action against the Defendants for violation of the Florida Deceptive and Unfair Practices Act (Count I); tortious interference (Count II);

breach of the covenant of good faith and fair dealing (Count III); and violation of the Florida Antitrust Act (Count IV).  CRMSuite seeks monetary and injunctive relief in connection with these Counts.

12.     CRMSuite alleges that the GM Defendants and the Aquent Defendants engaged in an anti-competitive scheme that has resulted, or will result, in a reduction in the number of customer relationship management ("CRM") software suppliers, and which has resulted, or will result, in higher prices to consumers that are also dealers of GM vehicles. CRMSuite also alleges that, in 2019, it "undertook the process, at an expense which would exceed $300,000.00, of integrating its next generation Vision software into the General Motors system for purposes of certifying this new software product."  (Compl. ¶ 25.)  In addition, CRMSuite alleges that GM "ceased all communications with CRMSuite" before CRMSuite could integrate its next generation Vision software into GM's system.  (Compl. ¶¶ 27-30.)  CRMSuite further alleges that Defendants engaged in an effort to "force auto dealers to terminate their contracts and relationships with CRMSuite."  (Compl. ¶ 33.) CRMSuite seeks, at minimum, lost profits and consequential damages in connection with its claims, as well as punitive damages, treble damages, attorneys' fees, and costs.  While the Defendants deny any liability as to CRMSuite's claims, where CRMSuite alleges a $300,000.00 investment in a software integration project that was never implemented, it is clear that the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  The sealed exhibits to the Complaint also reflect that CRMSuite contends it has been damaged in an amount well exceeding $300,000.

13.     Because this action is pending in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

14.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days after the Aquent Defendants' receipt of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

15.     Prompt written notice of the filing of this Notice of Removal is being sent to Plaintiff CRMSuite, Defendant GM Corp., Defendant GM LLC, and to the Clerk of Court for the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, as required by 28 U.S.C. § 1446(d).  A copy of that Notice of Filing is attached as Exhibit D.

16.     The Aquent Defendants hereby represent that they have obtained the written consent of all co-defendants to remove the State Court Action to this Court.  A copy of such written consent is attached as Exhibit E.

17.     The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendants' factual allegations have evidentiary support and its legal contentions are warranted by existing law.  The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or cause needless increase in the cost of litigation.

Dated:  April 1, 2020                          Respectfully submitted,


                                               */s/ Michael L. Forte*
                                               Michael L. Forte
                                               Florida Bar No. 592161
                                               mforte@rumberger.com
                                               RUMBERGER, KIRK & CALDWELL,
                                               P.A.
                                               100 North Tampa Street, Suite 2000
                                               Tampa, FL 33602
                                               (813) 223-4253


                                               Dawn Mertineit
                                               dmertineit@seyfarth.com
                                               (*pro hac* application to be filed)
                                               Michael A. Kippins
                                               mkippins@seyfarth.com
                                               (*pro hac* application to be filed)
                                               SEYFARTH SHAW LLP
                                               Seaport East, Suite 300
                                               Two Seaport Lane
                                               Boston, MA 02210
                                               Telephone: (617) 946-4800
                                               Facsimile:  (404) 946-4801

                                               Counsel for Defendants Aquent, LLC and
                                               Aquent, Inc.

62847207v.2

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 1, 2020 I served the foregoing NOTICE OF REMOVAL by

e-filing and U.S. Mail to the following:

John E. Johnson, Esq.
JOHNSON, CASSIDY, NEWLON & DECORT. P.A.
2802 N. Howard Avenue
Tampa, FL 33607
(*Counsel for Plaintiff CRMSuite Corporation*)

Marisa Dorough, Esq.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
200 South Orange Avenue, Suite 2900
Orlando, FL 32801
(*Counsel for Defendants General Motors Company and General Motors LLC*)

<u>s/ *Michael L. Forte*</u>
Michael L. Forte