## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CRMSUITE CORPORATION,**

    **Plaintiff,**

**v.**                                          **Case No.: 8:20-cv-762-WFJ-AAS**

**GENERAL MOTORS COMPANY,**
**GENERAL MOTORS, LLC, and**
**GENERAL MOTORS HOLDINGS, LLC,**

    **Defendants.**

_____/

## ORDER

Plaintiff CRMSuite Corporation moves to compel Defendants General Motors Company and General Motors, LLC to produce testimony from a corporate representative and responsive documents relating to the use of certain customer relationship management software. (Doc. 98). The defendants argue in response that the information and testimony CRMSuite requests to compel is irrelevant to the present action. (Doc. 100). For the foregoing reasons, CRMSuite's motion is **DENIED**.

## I.    BACKGROUND

This dispute arises from a contractual relationship between CRMSuite and the defendants involving customer relationship management (CRM) software. The defendants certified CRMSuite through the defendants' Dealer

1

Technology Assistance Program (DTAP) in 2016 to sell CRMSuite's custom CRM software to licensed General Motors automobile dealerships. (Doc. 53, ¶ 10–12, 15–19, 25). In 2017, CRMSuite began a contractual relationship with Dominion Dealer Services, LLC, a third-party reseller with its own CRM product. (*Id*. at ¶ 41–44). Dominion intended to replace its existing CRM product with CRMSuite's existing software under a new product label. (*Id*.). With Dominion's assistance, and in alleged collaboration with General Motors' IT staff, CRMSuite invested resources in adding and integrating functions into its software with the understanding that its software would be approved at the premium DTAP certification status upon completion of the required updates. (*Id*. at ¶ 58–62).

Dominion and CRMSuite ended their business relationship in early 2020. (*Id*. at ¶ 67–68). Upon being informed by Dominion that its relationship with CRMSuite had ended and that Dominion would be transferring its customers to CRMSuite, General Motors stopped all communications with CRMSuite and canceled future software functionality testing CRMSuite needed to secure premium DTAP certification status. (*Id*. at ¶ 69–80). General Motors contacted CRMSuite's automobile dealer customers and informed them CRMSuite was no longer a certified CRM product, CRMSuite would not be certified in the future, and the dealers must switch to a DTAP-certified CRM

provider to continue receiving bonuses and sales leads. (*Id.* at ¶ 76, 89). CRMSuite failed to reconcile its relationship with General Motors and its software went offline in May 2020. (*Id.* at ¶ 70–77, 134).

CRMSuite now has two surviving claims against the defendants: (1) promissory estoppel related to CRMSuite's attempt to receive premium DTAP certification from General Motors; and (2) violation of the Florida Deceptive and Unfair Trade Practices Act, FLA. STAT. § 501.204. (Doc. 71, p. 18). Both claims are limited to a single theory of harm, "that GM induced CRMSuite to expend significant resources in pursuit of premium certification, though never intending, and ultimately refusing, to grant premium certification." (*Id.* at p. 17).

## II.   LEGAL STANDARD

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted). A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-

22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

## III.   ANALYSIS

CRMSuite moves to overrule objections to the timeframe of certain topics CRMSuite wishes to discuss during a deposition of the defendants' corporate representative; overrule objections to two requests for production (RFPs) from their first set of RFPs; overrule objections to two requests from their second set of RFPs; overrule objections to all 29 requests from their third set of RFPs; and be awarded reasonable attorneys' fees incurred in raising this motion with the court. (Doc. 98, p. 22).

Each RFP requests information about General Motors' relationship with Tekion, a CRM product General Motors "substantially invested in" and to which General Motors has allegedly shifted the entirety of their CRM infrastructure. (Doc. 53, ¶ 107, 108). CRMSuite argues this information is relevant because it relates to General Motors' motive for barring CRMSuite

4

from completing the premium DTAP certification.[1]

This theory of harm was expressly deemed "not actionable" by Judge Jung in his order partially granting the defendants' Motion to Dismiss. (Doc. 71, p. 17 n. 7). CRMSuite fails to otherwise establish Tekion's relevance to their existing theories of harm. CRMSuite also fails to establish the relevance of their request for an additional corporate representative deposition, because the requested deposition pertains to information gathered beyond May 31, 2020, several months after CRMSuite alleges the defendants improperly induced CRMSuite to invest time and resources in upgrading their software to meet premium DTAP certification standards. (Doc. 98, p. 21).

---

[1] *See* Doc. 98, p. 12 ("GM has repeatedly stated their position is that they were not adding any new CRMs as the ostensible reason why they did not allow Plaintiff to complete the integration and certification of its product."); p. 14 ("Such information bears on whether GM Co. and GM LLC acted unfairly and deceptively in their operation of the certified product program by allowing a Tekion product to join the program at the same time that GM took the position, with regard to Plaintiff, that it was not adding any CRMs."); p. 16 ("it should be required to produce such communications because they are reasonably likely to bear on Plaintiff's FDUTPA claim regarding GM's operation of the program to the extent GM applied different standards to Plaintiff and to a company in which it was financially invested."); p. 20 ("by denying it access to the certified product program based on the ostensible justification that GM was not adding any new CRM products to the program."); p. 21 ("because GM would have denied Plaintiff access to the program based on a false justification.")

**IV.   CONCLUSION**

CRMSuite's Motion to Compel (Doc. 98) is **DENIED**. Neither CRMSuite nor its counsel, however, will be required to pay the defendants their reasonable expenses incurred in opposing the motion.

**ORDERED** in Tampa, Florida, on December 2, 2021.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

6