UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CRMSUITE CORPORATION,**
a Florida corporation,

    **Plaintiff,**

v.                                           Case No. 8:20-cv-762-WFJ-AAS

**GENERAL MOTORS COMPANY,**
a Delaware corporation; *et al.*,

    **Defendant.**
_____/

<u>**ORDER**</u>

    The defendants, General Motors Company, General Motors LLC, and General Motors Holdings LLC ("GM"), request an order invoking supplementary proceedings in this action, impleading third parties, and for leave to file an impleader complaint. (Doc. 165). For the reasons stated below, GM's motion is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

    CRMSuite Corporation ("CRMSuite") brought suit against GM for violation of the Florida Deceptive and Unfair Practices Act, tortious interference, breach of the covenant of good faith and fair dealing, and violation of the Florida Antitrust Act. (Doc. 1, pp. 4–5). GM successfully "opposed CRMSuite's motion for a preliminary injunction and staying discovery, filed multiple Rule 12(b)(6) motions, successfully defended against several discovery

1

motions, and won summary judgment against CRMSuite." (Doc. 165, pp. 1–2). This court previously awarded a judgment of $716,155.89, which represents $27,257.75 in costs and $688,898.14 in reasonable attorneys' fees. (Doc. 153).

After GM's motion for summary judgment was granted, CRMSuite filed articles of dissolution with the Florida Secretary of State. (Doc. 165, Ex. 2). Richard Latman, CRMSuite's sole owner, President, and CEO, declared to this court that CRMSuite "has no ability to satisfy such an award of fees because it is out of business." (Doc. 141, Ex. 1). However, GM believes "CRMSuite transferred its CRMSuite Software and its dealer customer accounts to TheCRM for no value or for less than fair market value to avoid creditors." (Doc. 165, p. 5).

GM seeks to commence proceedings supplementary to hold third parties TheCRM Corporation and Latman Holdings Corporation ("LHC") liable for the judgment against CRMSuite. (Doc. 165). CRMSuite did not respond to GM's motion.

## II. ANALYSIS

### A. Proceedings Supplementary

Rule 69 instructs "the procedure on execution [of a money judgment]—and in proceedings supplementary to and in aid of execution—must accord with the procedure of the state where the court is located," unless a federal statute applies. Fed. R. Civ. P. 69(a)(1). Under Florida law, judgment creditors

who file a motion and an affidavit stating that they hold an unsatisfied judgment or judgment lien are entitled to proceedings supplementary to execution. Fla. Stat. § 56.29(1). Therefore, all that is required to initiate proceedings supplementary is that "the judgment creditor have an unsatisfied judgment and file an affidavit averring that the judgment is valid and outstanding." *Fundamental Long Term Care Holdings, LLC v. Estate of Jackson ex rel. Jackson-Platts*, 110 So. 3d 6, 8 (Fla. 2d DCA 2012); *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1119 (Fla. 4th DCA 2018) ("[B]ecause the judgment creditor submitted a motion and affidavit in compliance with section 56.29(1), the trial court erred in denying proceedings supplementary altogether.").

GM declares the judgments against CRMSuite remain "valid and unsatisfied" and filed an affidavit so stating. (Doc. 165, p. 9; Doc. 165, Ex. 1). Therefore, the requirements of Fla. Stat. § 56.29(1) are satisfied and the defendants are entitled to proceedings supplementary to execution.

### B. Description of Third Parties' Property in Affidavit and Notice to Appear

Section 56.29(2) of the Florida Statutes "governs the process for bringing third parties into proceedings supplementary." *Longo*, 236 So. 3d at 1119; *see Kennedy v. RES-GA Lake Shadow, LLC*, 224 So. 3d 931, 933 (Fla. 1st DCA 2017) (citations omitted) ("After a party initiates proceedings supplementary,

a creditor may pursue assets held by the debtor, assets of the debtor held by another, or assets that have been fraudulently transferred to another. But the rights of any third-party interest-holders must be accounted for by impleading them into the proceeding and allowing them to defend their interests."). The first sentence in Section 56.29(2) requires the Section 56.29(1) motion or a supplemental affidavit "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." GM's motion and supporting materials meet this requirement. (Doc. 165, p. 6; Doc. 165, Ex. 6).

Upon the judgment creditor filing this motion and affidavit, the court shall issue a "Notice to Appear," which "must describe *with reasonable particularity* the property, debt, or other obligation that may be available to satisfy the judgment." Fla. Stat. § 56.29(2) (emphasis added). The notice to appear procedure under section 56.29(2) advises third parties like TheCRM of their property, debt, or other obligation due to the judgment debtor that may be available to satisfy the judgment. The notice to appear also must advise the third parties of their opportunity to present defenses, must indicate to the third parties that discovery consistent with the rules of civil procedure is available, and must advise the third parties they have a right to a jury trial. Fla. Stat. § 56.29(2). GM's proposed Notice to Appear describes the property at issue with

4

reasonable particularity and otherwise complies with Section 56.29(2). (Doc. 165, Ex. 6). However, GM did not attach a proposed Notice to Appear for LHC.

### C. Prayer for Relief

In its prayer for relief and without explanation in the body of its motion, GM requests the court "order that any property thereon shown to be that of judgment debtor, CRMSuite, to be applied to the satisfaction of the judgment debt." (Doc. 165, p. 9). To the extent this relief seeks to impose liability on TheCRM or LHC, it is premature. *See SMS Fin. J, LLC v. Cast-Crete Corp.*, 2018 WL 1726434, *1 (M.D. Fla. Apr. 10, 2018) (quoting *Peacock v. Thomas*, 516 U.S. 349, 356, 359 (1996) ("[A]ncillary jurisdiction is not justified over a new lawsuit to impose liability for a judgment on a third party.")).

GM also requests the court "tax court costs, incidental costs, and reasonable attorneys' fees against CRMSuite." (Doc. 165, p. 9). Although this court previously found GM entitled to attorneys' fees for work completed while this case was still active (Doc. 142), GM does not cite any authority on entitlement to collect fees on the current motion.

### III. CONCLUSION

Thus, GM's Motion for Proceedings Supplementary, to Implead Third Parties, and for Leave to File Impleader Complaint (Doc. 165) is **GRANTED** to allow GM to commence proceedings supplementary, to implead TheCRM Corporation and Latman Holdings Corporation, and to file an impleader

5

complaint, and **DENIED** without prejudice as to all remaining requests. GM may file and serve its impleader complaint. GM is directed to file a proposed Notice to Appear for Latman Holdings Corporation **by September 22, 2023**. The issued Notice to Appear as to TheCRM Corporation is attached to this order and may be served in accordance with Fla. Stat. § 56.29(2).

    **ORDERED** in Tampa, Florida on September 13, 2023.

                                          AMANDA ARNOLD SANSONE
                                          United States Magistrate Judge